UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARTIN A. BADINELLI,

                        Plaintiff,

v.

THE TUXEDO CLUB,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No.15-cv-06273

ECF Case

**DECLARATION OF MARTIN A. BADINELLI IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO DISMISS OR STAY THE ACTION**

I, Martin A. Badinelli, pursuant to 28 U.S.C. § 1746, under the penalty of perjury, declare that the following is true and correct:

1. Following the expiration of the Employment Agreement that I had with the Tuxedo Club ("TCC") in 2010 as its General Manager, my employment continued there without a successor agreement in place.

2. In 2012, I was approached by Defendant's Chairman of the Board of Governors of TCC, attorney Brian Sichol, for the purpose of entering into a new Agreement. The arbitration clause in the draft Agreement provided to me was not discussed with me. I was primarily focused on the monetary terms which would affect my ability to support my family.

3. In May of 2013, I executed the new Agreement. My knowledge and understanding of how a dispute would be arbitrated was not clear to me as the reference in paragraph 10 of the Agreement to a "Dispute Resolution" provision was not explained to me, nor was it even mentioned elsewhere in the Agreement. Having been satisfied with

the monetary terms, I executed the Agreement regardless of my lack of understanding about how arbitration would work if a dispute arose that warranted resolution.

4. Following my termination from TCC, I had no income until I found a new position, seven months later.

Executed on November 20, 2015

Martin A. Badinelli