UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARTIN BADINELLI,
                        Plaintiff,

v.

THE TUXEDO CLUB,
                        Defendant.
------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER**

15 CV 6273 (VB)

Briccetti, J.:

    Plaintiff commenced this action on August 10, 2015, bringing claims for breach of contract, retaliation under New York Labor Law § 740, and discriminatory discharge based on age in violation of the New York State Human Rights Law, against defendant The Tuxedo Club. On April 25, 2016, upon defendant's motion, the Court compelled arbitration and stayed the case. On April 24, 2018, the parties notified the Court they had settled (Doc. #43), and the Court issued an Order closing the case (Doc. #44).

    On November 29, 2018, plaintiff filed the instant unopposed motion to seal the record in this case. (Doc. #47).

    For the following reasons, the motion is DENIED.

    In this Circuit, courts look to two sources of law to determine whether a document should be placed under seal: the common law and the First Amendment.

    The common law analysis proceeds in three steps: first, the Court determines whether the relevant document is a "judicial document," to which a presumption of public access attaches; second, the Court determines the weight of the presumption; and third, the Court balances

1

competing considerations against the presumption. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation omitted).

As to the first step, "[a] judicial document or judicial record is a filed item that is relevant to the performance of the judicial function and useful in the judicial process." Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139 (2d Cir. 2016) (internal quotations omitted). "[P]leadings are considered judicial records even when the case is pending before judgment or resolved by settlement." Id. at 140 (internal quotation and citations omitted). Moreover, "[j]ust as with documents submitted in connection with a Motion for Summary Judgment, documents filed in connection to a Motion to Compel Arbitration or Dismiss are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." Bernsten v. O'Reilly, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) (internal quotation omitted).

As to the second and third steps, the weight of the presumption of access "will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." Lugosch v. Pyramid Co. of Onondoga, 435 F.3d at 119. Then, the Court may consider countervailing factors such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." Id. at 120 (internal quotations omitted).

Here, plaintiff seeks to seal this case's entire record, including the complaint and papers submitted in support and opposition to a motion to compel arbitration and dismiss or stay. Plaintiff's motion thus seeks to seal judicial documents entitled to the right of public access. Further, complaints and decisions on motions to compel arbitration rate high on the presumption continuum. See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d at 141–42

(complaint); Bernsten v. O'Reilly, 307 F. Supp. 3d at 166 (internal quotation omitted) (motion to compel arbitration or dismiss).

Plaintiff argues his interest in privacy, professional reputation, and earning capacity outweigh the interest in public access to the record.

The Court is not persuaded. Protection against the possibility of future adverse impact on employment does not overcome the presumption of public access. See, e.g., Bernsten v. O'Reilly, 307 F. Supp. 3d at 169 (citing Alexandria Real Estate Equities, Inc. v. Fair, 2011 WL 6015646, at *3). Moreover, plaintiff presumably considered the possibility of future adverse impact when he chose to commence the case in federal court. If he did not, he should have, especially since he had an arbitration agreement with defendant and therefore could have brought the case in arbitration rather than in a judicial forum.

In addition, plaintiff states the parties entered into a confidentiality stipulation to protect the confidentiality of documents in this case. "The mere existence of a confidentiality agreement, however, does not demonstrate that sealing is necessary." Church Ins. Co. v. Ace Prop. & Cas. Ins. Co., 2010 WL 3958791, at *3 (S.D.N.Y. Sept. 23, 2010) (internal quotation omitted).

Finally, the Court notes plaintiff's motion to seal is largely based on a desire to remove information from the Internet. But at the very least the Court's decision compelling arbitration is a "matter[] of public record appearing not only on the docket of this Court and in search engine results, but . . . also published in law reporters. Accordingly, the Court's sealing of its Decisions and Orders on the docket, and even directing search engines to remove them, would be pointless if done to remove public information about them." Ferrand v. Lyonnais, 106 F. Supp. 3d 452, 455 (S.D.N.Y. 2015) (internal citations omitted); see also Badinelli v. The Tuxedo Club, 183 F. Supp. 3d 450 (S.D.N.Y. 2016).

Accordingly, plaintiff fails to make a sufficient showing to overcome the common law presumption of access. Thus, the Court need not analyze whether the First Amendment presumption also applies.

## **CONCLUSION**

The motion to seal is DENIED.

The Clerk is instructed to terminate the motion. (Doc. #47).

Dated: December 6, 2018
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District JudgE